UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UNITED STATES OF AMERICA

v.                                              Case Nos.:  3:14cr20/RV/CJK
                                                            3:15cv258/RV/CJK
VICTOR E. PINCKARD
_____/


REPORT AND RECOMMENDATION

This matter is before the court on Defendant's "Notice of Withdrawal" in which he seeks to withdraw and dismiss his amended motion filed pursuant to 28 U.S.C. § 2255.  (ECF No. 144).  This motion was filed in apparent response to this court's Order to Show Cause.  (ECF No. 141).

By way of background, Defendant filed an amended motion under 28 U.S.C. § 2255 and a supporting memorandum of law (ECF Nos. 132, 133) to which the Government responded.  (ECF No. 139).  In its response the Government noted apparent conflict between sworn statements contained in Defendant's amended § 2255 motion and statements Defendant made under oath at the plea colloquy and sentencing proceedings, and it threatened to prosecute Defendant for perjury if he persisted in his false assertions.  Therefore, on August 31, 2015, this court entered a detailed order instructing Defendant to file a reply to the Government's response. (ECF No. 140).  The court concluded by specifically informing Defendant that failure

to file a response to the order might be construed as abandonment of the amended § 2255 motion and could result in a recommendation that his motion be denied and dismissed in its entirety without further review. The October 2, 2015 deadline passed without a reply from Defendant, and the court entered an order affording Defendant a final opportunity to affirmatively clarify his intent with respect to the pending amended § 2255 motion before construing his silence as volitional abandonment of the motion. (ECF No. 143). Defendant promptly filed the instant "Notice of Withdrawal" in which he indicates his intent to withdraw and dismiss his amended § 2255 motion. (ECF No. 144).

Because the Government has served an answer in the instant case, this action may not be dismissed at Defendant's instance except by order of the court. Fed. R. Civ. P. 41(a)(2). In light of Defendant's desire to dismiss his amended motion, this court concludes dismissal is appropriate. However, Defendant should be aware of 28 U.S.C. § 2255(f), which establishes a one-year period of limitation for § 2255 motions. The one-year period generally runs from the date upon which the conviction became final, *see* § 2255(f). Additionally, the fact that the motion is dismissed without prejudice does not preclude a determination that a subsequently filed § 2255 motion is untimely or otherwise procedurally barred.

Accordingly, it is respectfully **RECOMMENDED**:

1.　　That Defendant's Notice of Withdrawal, construed as a "motion to dismiss" (ECF No. 144) be **GRANTED**.

2.　　That Defendant's amended motion to vacate (ECF No. 132) be dismissed without prejudice.

Case No: 3:14cr20/RV/CJK; 3:15cv258/RV/CJK

**DONE AND ORDERED** this 26th day of October, 2015.

*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.